IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANKAR B. PATEL,<br>DIDI PATEL, and<br>MANISH PATEL,<br><br>      Plaintiffs,<br><br>vs.<br><br>TODD J. FENDLER,<br>PATTY STUDER,<br>SUSAN FENDLER,<br>NORTHERN ILLINOIS<br>INSURANCE AGENCY,<br>NORTHERN ILLINOIS INSURANCE,<br>NORTHERN UNDERWRITING<br>MANAGES, INC.,<br>NORTHERN UNDERWRITING<br>MANAGERS,<br>NIL INS. AGENCY,<br>NUM INC., and<br>U.S. BANK,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No. 15-cv-0366-MJR-SCW |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

  Shankar, Didi, and Manesh Patel obtained insurance for their Economy Inn and Super 8 motel businesses from some or all of the non-bank defendants in this case prior to 2013, but decided not to renew those insurance policies in 2014 and 2015, instead obtaining coverage from other carriers. Some or all of the insuring defendants did not take the rejection well; they allegedly forged the Patels' signatures on automated bank debit forms, submitted those counterfeit forms to U.S. Bank, and then requested automatic withdrawals for insurance premium payments covering 2014 and 2015 from

1

the Patels' bank. The Patels purportedly asked for their money back from the insuring defendants and from U.S. Bank but were rebuffed, so they filed suit in federal court on April 2, 2015, alleging that all involved—including U.S. Bank—violated the Racketeer Influenced and Corrupt Organizations Act. The bank and the insuring defendants have since moved to dismiss, and rather than respond to those motions directly the Patels have moved to amend their complaint, claiming that the proposed amendments cure all of the problems identified in the Defendants' two motions. The Defendants' motions to dismiss and the Patels' motion to amend are now before the Court for review.

The Court will take up the Defendants' motions to dismiss first, which identify a number of problems with the Patels' initial complaint. The first is the notice requirement—all complaints must include enough factual detail to put each defendant on notice of his actions, so that he can investigate the allegations and respond. *Equal Emp't Opportunity Comm'n v. Concentra Health Servs., Inc.*, **496 F.3d 773, 781 (7th Cir. 2007)**. That requirement is easily satisfied when a plaintiff sues one defendant, but things get more complicated when a plaintiff sues several defendants and refers to them in the collective "Defendants" sense throughout the complaint. That grouping, especially when used to describe discrete conduct, commingles the defendants together in a way that precludes each party from discerning who allegedly did what. *Bank of Am. v. Knight*, **725 F.3d 815, 818 (7th Cir. 2013)**. The Patels repeatedly took the collective "Defendants" shortcut here: they say, for instance, that "Defendants" forged the Patels' signatures; that "Defendants" engaged in a double broker arrangement; and that "Defendants" have been on a "rampage" of stealing funds. Notice pleading and

2

vague allegations of collective conduct don't go hand-in-hand; these types of lumped allegations are inadequate under Federal Rule of Civil Procedure 8.

There are other problems with the Patels' complaint, these more specific to their racketeering claim.  The Patels primarily seek relief under the section of the racketeering statute which makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." **18 U.S.C. § 1962(c).**  That section is a bit difficult to parse—it's no wonder the Seventh Circuit calls the statute the "nightmare" of the federal judge, *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, **20 F.3d 771, 785 (7th Cir. 1994)**—but the gist is that the statute allows for suits against parties who form an enterprise and use it to commit certain acts, or who commandeer an organization and use it in the same fashion.  *Emery v Am. Gen. Fin., Inc.*, **134 F.3d 1321, 1323-24 (7th Cir. 1998);** *McCullough v. Suter*, **757 F.2d 142, 143-44 (7th Cir. 1985).**

The Court says "certain acts" because the civil racketeering statute is designed to penalize activity which bears a resemblance to pattern organized crime, so it applies only to those persons who form or penetrate entities and use the entity to engage in at least two instances of the types of crimes typically thought of in mob movies (bribery, counterfeiting, extortion, mail fraud, and so on).  **18 U.S.C. § 1961(1) & (5);** *Fujisawa Pharmaceutical Co., Ltd. v. Kapoor*, **115 F.3d 1332, 1338 (7th Cir. 1997).**  The Patels allege that the defendants formed a group to engage in wire and mail fraud, and given that these allegations concern fraud, the requirements of Federal Rule of Civil

Procedure 9 apply.  *Slaney v. The Int'l Amateur Athletic Fed'n*, **244 F.3d 580, 597 (7th Cir. 2001)**.  Rule 9 requires a plaintiff to plead the circumstances constituting fraud with particularity, lest a claimant sling damaging accusations of fraud without a developed basis for the claim, doing "serious damage to the goodwill" of a party in the process.  *Bankers Trust Co. v. Old Republic Ins. Co.*, **959 F.2d 677, 683 (7th Cir. 1992)**.  Particularity doesn't require full-blown fact pleading, but it does require a claimant to state the "who, what, when, where, and how" of the fraud.  *Knight*, **725 F.3d at 818**.

U.S. Bank and the insurers maintain that the Patels did not allege fraud with particularity here, and some of their critiques are well taken.  The complaint includes some of the particulars—it enumerates the dates of the bad checks and sometimes suggests which defendant engaged in which conduct—but it backtracks on that show of particularity by routinely lumping all of the defendants together into a stewpot and making allegations of specific conduct directed at them all.  In other words, it gives particularity with one hand and takes it with the other, leaving each defendant to guess his role.  Rule 9 requires precomplaint investigations to ensure that fraud allegations are "responsible and supported, rather than defamatory and extortionate," *Ackerman v. Northwestern Mut. Life Ins. Co.*, **172 F.3d 467, 469 (7th Cir. 1999)**, and lumping defendants together when making conduct-related allegations doesn't suggest the kind of careful investigation and pleading contemplated by the rule, *Goren v. New Vision Int'l, Inc.*, **156 F.3d 721, 730 (7th Cir. 1998)**.  The Patels should have done more to lay out how each defendant was involved in the fraud; their failure runs afoul of Rule 9.

There are two other racketeering-related problems with the Patels' complaint, both linked to the enterprise aspect of a racketeering claim. The racketeering statute does not extend to conspiracies alone, but only to persons who use or create an enterprise to conduct certain predicate acts. *Bachman v. Bear, Stears & Co., Inc.*, **178 F.3d 930, 931-32 (7th Cir. 1999).** The statute, then, includes two enterprise-related requirements: there must be an organization, which can include a "union or group of individuals associated in fact although not a legal entity," **18 U.S.C. § 1961(4)**, and each defendant must have "participated in the operation or management" of that organization, such that he played a role "in directing the [organization's] affairs," *Reves v. Ernst & Young*, **507 U.S. 170, 185 (1993)**. The Patels allege that the insurers and the bank were a group associated in fact, but the complaint says little about the hallmarks of that enterprise: it says next to nothing about the group's purpose, the relationships among the members of the group, the group's longevity, or how each defendant participated in the group's management. *Boyle v. United States*, **556 U.S. 938, 945-47 (2009).** That's a glaring omission given that the group here purportedly consists of a swath of insurers and a multi-billion dollar bank; it's not at all evident how a bank like that would join or manage a racketeering group to falsify debits that add up to a minuscule percentage of the bank's assets. All racketeering complaints, especially the ones that allege an enterprise that's partly fanciful, need to have some detail pled about the enterprise to push the existence of the enterprise from a possibility to a probability. *E.g., Rao v. BP Prods. N. Am., Inc.*, **589 F.3d 389, 399-400 (7th Cir. 2009);** *Stachon v.*

5

*United Consumers Club, Inc.*, **229 F.3d 673, 676 (7th Cir. 2000).**  The Patels haven't said enough about the enterprise here, and that omission dooms their § 1962(c) claim.[1]

Given all of the Rule 8 and Rule 9 defects, the complaint must be dismissed.  To salvage their suit and keep the case going, the Patels have submitted a motion to amend and a proposed amended complaint, arguing that the proposed complaint fixes the problems with the initial one.  While motions to amend are typically freely granted, they need not be granted where the motion would be futile, as it would be if the proposed amended complaint wouldn't withstand a motion to dismiss.  *McCoy v. Iberdrola Renewables, Inc.*, **760 F.3d 674, 685-86 (7th Cir. 2014).**  That's the case here: the amended complaint includes only a handful of additional words, it doesn't clear the enterprise-related hurdles discussed above, and it continues to lump all of the defendants together in a fashion that makes it difficult for each one to respond.  Because the defects identified by the defendants in their motions and in this order persist in the amended complaint, the Patels' motion to amend must be denied.

The question remains whether the Patels should be given another chance to fix the Rule 8 and Rule 9 problems with their complaint, or if the case should be dismissed with prejudice.  The defendants ask for a dismissal with prejudice, but they don't argue, in any developed way at least, that no set of facts could put forth a viable racketeering claim here.  Because amendment should be freely given, the Court will give the Patels another opportunity to amend their complaint.  While the Court is giving the Patels

---

[1] Because the Patels make no mention of any agreement to conspire, the Patels' conspiracy claim under § 1962(d) must also be dismissed.  *Goren*, **156 F.3d at 732.**

another chance to amend, counsel for the Patels is cautioned that, if the defendants move to dismiss again, he should engage with the arguments made in the motions to dismiss, rather than file a summary motion to amend. If counsel doesn't respond to future motions and the arguments made within them, Local Rule 7.1—and its statement that the failure to respond to a motion can admit the motion's merits—will apply.

One closing note is in order concerning a request made by U.S. Bank in its motion to dismiss. U.S. Bank asks the Court to order the Patels to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), fleshing out the factual particulars of the Patels' claim against the bank. The bank's motion is a bit unclear as to whether it wants this relief if the Court dismisses the complaint without prejudice, but to be complete, the Court will address the request. Given that the Patels will need to file an amended complaint consistent with this order to proceed with their case, the motion for a more definite statement is premature. If the Patels' amended complaint does not include enough facts to put the bank on notice of the Patels' claim against it, the bank can again move to dismiss or seek a more definite statement at that time.

To sum up, Defendants' motions to dismiss (Docs. 13 & 16) are **GRANTED IN PART** and **DENIED IN PART**—the Patels' complaint is **DISMISSED**, but the dismissal is **without prejudice**. U.S. Bank's request for a more definite statement (Doc. 13) is **DENIED without prejudice**. The Patels' motion to file their First Amended Complaint (Doc. 23) is **DENIED** on futility grounds. If the Patels wish to proceed with this case, they must file their Second Amended Complaint on or before **February 25, 2016**.

**IT IS SO ORDERED.**

**DATED:  January 28, 2016**

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**